**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernadette Bensing, | No. CV-21-02090-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Bernadette Bensing's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 17, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 20, Def. Br.), and Plaintiff's Reply (Doc. 21, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 14, R.) and now affirms the Administrative Law Judge's (ALJ) decision (R. at 22–34) as upheld by the Appeals Council (R. at 2–6).

**I.    BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on October 4, 2018, for a period of disability beginning on May 1, 2018. (R. at 22.) Her claim was denied initially on March 7, 2019, and upon reconsideration on May 20, 2019. (R. at 22.) On October 22, 2020, Plaintiff appeared before the ALJ for a hearing regarding her claim. (R. at 22.) On December 23, 2020, the ALJ denied Plaintiff's claim. (R. at 22–34.) On

October 19, 2021, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 2–6.)

The Court has reviewed the record and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the severe impairments of bipolar disorder, generalized anxiety disorder, and depression. (R. at 24.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 34.) In so doing, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 26.) The ALJ found that Plaintiff has the Residual Functional Capacity (RFC) to perform work at all exertional levels with some nonexertional limitations, including that Plaintiff is limited to carrying out simple instructions and performing simple, routine, and repetitive tasks, with occasional superficial interaction with the public and co-workers and no contact with crowds. (R. at 28.) Accordingly, the ALJ found that Plaintiff can perform work in the national economy, including as a housekeeper, assembler, or packager, such that Plaintiff is not under a disability as defined in the Social Security Act. (R. at 33.)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.*; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.*

Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III.   ANALYSIS

Plaintiff raises two arguments for the Court's consideration, namely, (1) the ALJ's reasons for discounting the opinions of treating psychiatrist Ewa Szafraniec, M.D. were not supported by substantial evidence in the record, and (2) the ALJ erred in evaluating Plaintiff's symptom testimony. (Pl. Br. at 1.) The Court examines these arguments in turn.

**A.     Treating Pyschiatrist Ewa Szafraniec, M.D.**

Plaintiff contends that the ALJ gave insufficient reasons for discounting the opinions of Dr. Ewa Szafraniec. (Pl. Br. at 13–19.) Dr. Szafraniec treated Plaintiff from at least March 2015 until after the alleged onset date of May 1, 2018. (R. at 501–27, 688–730.) When Plaintiff reported she did not feel she could go to work in May 2018 due to a depressed mood, Dr. Szafraniec ordered intensive outpatient therapy from May 17, 2018, to July 25, 2018. (R. at 735.) Thereafter, Plaintiff returned to work from home part-time, but stopped working completely in September 2018. (R. at 505.[1])

On December 5, 2018, Laurene Griest, a counselor, completed an assessment of Plaintiff's ability to perform work-related activities from a psychological perspective. (R. at 528–29.) Griest apparently provided counseling to Plaintiff, but no related treatment notes or other medical records are available. (R. at 48.) Among other things, Griest concluded without further elaboration or explanation that Plaintiff experienced severe deterioration of personal habits and in her ability to understand, carry out, and remember instructions, respond to customary work pressure, or sustain work pace. (R. at 528–29.) Almost two years later, on October 15, 2020 (a week before Plaintiff's hearing before the ALJ), Dr. Szafraniec added a handwritten note to Griest's evaluation, stating: "This is to confirm I am in support of eval done by Laurene Griest." (R. at 766.) The ALJ did not find the opinions of Griest as later endorsed by Dr. Szafraniec persuasive. (R. at 31.)

The Ninth Circuit no longer accords special deference to a treating physician. *Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but

---

[1] As the ALJ and the parties acknowledged, Dr. Szafraniec's treatment notes are handwritten and extremely difficult to decipher.

[is] not required to[ ] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* § 404.1520c(b)(2), (c).

Moreover, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F. 4th at 790. Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Here, the ALJ laid out specific reasons supported by the record (or lack thereof) in finding the opinions of Griest as later endorsed by Dr. Szafraniec unpersuasive. First, the ALJ stated that Griest's opinions were not supported because none of her treatment notes or other medical records were provided and even the evaluation form included no explanation or elaboration; a review of the entire record confirms that. (R. at 31.) With respect to Dr. Szafraniec, to the extent her treatment notes can be understood, the ALJ concluded that Dr. Szafraniec's endorsement of Griest's opinions that Plaintiff had severe limitations was inconsistent with Dr. Szafraniec's treatment notes and generally inconsistent with the longitudinal record. (R. at 31.) For example, the ALJ noted that Dr. Szafraniec treated Plaintiff successfully, including with medication, for years prior to the alleged onset date, through emotional swings from a divorce and financial insecurity resulting in foreclosure on her home, and Plaintiff's grief in April and May 2018 was specifically from the loss of her father. (R. at 31, 590, 594.) The Court finds these reasons for discounting the evaluation of Griest as endorsed by Dr. Szafraniec were well-founded, reinforced by substantial evidence in the record, and demonstrated a lack of supportability

and consistency of Griest's evaluation. The ALJ did assign moderate limitations to Plaintiff in all areas of mental capacity in formulating Plaintiff's RFC, as found by the psychological reviewing consultants, Drs. South and Rubin. (R. at 30.) In sum, the ALJ did not err in accounting for Griest's evaluation as endorsed by Dr. Szafraniec.

### B.  Plaintiff's Symptom Testimony

The ALJ also found Plaintiff's "subjective complaints alleging limitations beyond those described in the [RFC] are not consistent with the longitudinal objective medical evidence." (R. at 30.)

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). For example, "[i]n evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

In discounting Plaintiff's symptom testimony, the ALJ did observe that the objective medical evidence did not fully corroborate the full extent of Plaintiff's alleged symptoms. The ALJ further noted that, although Dr. Szafraniec ordered Plaintiff to intensive outpatient therapy from May 17, 2018, to July 25, 2018, Plaintiff only attended 13 sessions and missed 14, due to "illness and travel out of state." [2] (R. at 30, 735.) Although Plaintiff took one trip to New York for her father's funeral, she did not disclose to her psychiatrist the non-

---

[2] In the summary report from the intensive outpatient program, which Plaintiff had participated in once before her alleged onset date, Plaintiff stated, "[I] needed a refresher on my coping skill." She planned to return to work immediately after the program, expressing a feeling "like I can this time, and it will go well. (R. at 735.)

funeral travel to Las Vegas with a friend in July 2018. (R. at 59–61.) The ALJ further pointed to the fact that no evidence in the medical record indicated Plaintiff suffered from memory loss, but Plaintiff reported to the Social Security Administration that she had significant memory difficulties. (R. at 30.) The ALJ thus concluded that Plaintiff's "inconsistent statements and symptom magnification lessen the reliability of her limitation allegations," and the Court finds this a specific, clear and convincing reason to discount Plaintiff's symptom testimony.

In sum, the Court finds the ALJ's reasons for discounting—but not ignoring—Plaintiff's symptom testimony were specific, clear, and sufficiently convincing for the Court not to disturb the ALJ's conclusions. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." (internal citation omitted)). In the absence of finding material error on the part of the ALJ, the Court will affirm the ALJ's decision.

**IT IS THEREFORE ORDERED** affirming the December 23, 2020 decision of the ALJ (R. at 22–34), as affirmed by the Appeals Council on July 12, 2021 (R. at 2–6).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 4th day of April, 2023.

Honorable John J. Tuchi
United States District Judge